IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANN HAFEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 7:05CV5028<br><br>MEMORANDUM AND ORDER |

This matter is before the court following a remand to the defendant. Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 405 (g). This court previously ruled in this case, *Hafeman v. Social Security Administration*, 7:03CV5015 and remanded the case to the administrative law judge (ALJ) to make additional findings with regard to the plaintiff's residual functional capacity (RFC), having found the ALJ's decision deficient in that regard. See *Hafeman v. Social Security Administration*, 7:03CV5015, Filing No. 16.[1]

On remand the ALJ held a second administrative proceeding on May 2, 2005. The ALJ concluded that the plaintiff is not disabled under the Social Security Act. The ALJ found again that "the claimant has a history of multiple cervical and thoracic fractures with associated pain, myofascial pain involving lumbar spine and insulin-dependent diabetes mellitus, impairments which are considered to be 'severe' under the Social Security Regulations." Tr. at 262. The ALJ discounted complaints of depression as having a recent onset and not supported by the record. *Id.* The ALJ stated that the agency physicians and examiners determined that the plaintiff's impairments did not meet the

---

[1] In this court's initial opinion, it outlined all the relevant facts, evidence and conclusions of law. The court will not reiterate those findings in this opinion. However, the court does incorporate that memorandum and order, *Hafeman v. Social Security Administration*, 7:03CV5015, Filing No. 16, by reference into this memorandum and order.

required medical listing for a severe impairment. *Id.* He further stated that no consultative examiner found a severe impairment. *Id.* The ALJ said he independently reviewed the record and found no evidence of a severe medical impairment. *Id.* The ALJ then turned to an assessment of plaintiff's residual functional capacity, 20 C.F.R. 404.1545,[2] as ordered by this court.

RFC is defined as the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, i.e., eight hours a day, five days a week, or an equivalent work schedule. Soc. Sec. Rul. 96-8p. RFC is what an individual can still do despite her impairments and the resulting limitations. While the RFC is a medical question, *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000), RFC is not based solely on "medical" evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (holding that the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including medical records, observations of treating physicians and others, and an individual's own description of the limitations).

The ALJ found plaintiff could do a range of personal care including hygiene, household chores, laundry, cooking and taking care of houseplants. The ALJ also determined that plaintiff's fine motor skills would not prohibit her work activities, and he found that her allegations of balance issues are not supported by any medical evidence. The ALJ also noted that for the previous four years prior to her accident, plaintiff had worked very little, as she had no earnings in 2000 or in 1999, $420.00 in 1998, and

---

[2] The court notes that the ALJ cites to numerous Tenth Circuit cases in his decision. For future reference, the ALJ should cite to the Eighth Circuit case law when available.

$998.00 in 1997.  The ALJ also reviewed medical reports from 2003 and 2004, even though the claim for benefits is only from August 2000 through December 31, 2001.

Contrary to the findings of the ALJ, plaintiff testified at the second hearing that she does not do her shopping or laundry, that her husband generally does the dishes, and that her husband or a hired cleaning person does the cleaning.  Tr. at 360-62.  She also testified that she does not attend social events, does not have any hobbies, and does not go to church.  Tr. at 363.  She testified that she cannot stoop, kneel or bend.  Tr. at 365.  She wears a Jewit brace.  Tr. at 368.  She takes Vicodan and wears a morphine pain patch.  She has headaches and does not sleep at night.

On remand, the ALJ considered the weight to be given to Dr. Macey Nowakowski's opinion that plaintiff is effectively disabled.  Tr. at 205; 268-69.  The ALJ concluded that Dr. Nowakowski only saw plaintiff on December 11, 2002.  The ALJ discounted, and actually gave no deference to, Dr. Nowakowski.  The ALJ made this determination,  because (1) there was no indication that any other treatment or contact occurred between the plaintiff and  Dr. Nowakowski prior to that time; and (2) there was no showing that Dr. Nowakowski ever reviewed any of plaintiff's medical files to make these determinations.  The ALJ accorded "no weight to the opinions of Dr. Nowakowski."  Tr. at 268.  As set forth hereinafter, the court finds the ALJ is incorrect in making these determinations.

Based on a review of this evidence, the ALJ determined that plaintiff could not return to her past relevant work as a machine operator or a sales clerk.  The ALJ determined that plaintiff could return to her past work as a bookkeeper, and that such jobs are generally available in the national economy.  He made this determination after asking a vocational

3

expert a series of questions about plaintiff's ability to work. To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant. A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798,804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental impairments." *Wagoner v. Bowen*, 646 F.Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983)). Courts apply a harmless error analysis during judicial review of administrative decisions that are in part based on hypothetical questions. For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003). Because a VE's testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies," *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)), the court finds that the VE's testimony was not substantial evidence in this case.

The ALJ relied on the vocational expert in support of his finding that there are ample jobs in the economy that can be performed by the plaintiff. The ALJ told the vocational expert to consider hypotheticals that included an ability to walk four hours in an eight-hour day and sit six hours in an eight-hour day. Tr. at 382. The ALJ did not ask the VE to consider plaintiff's pain or any other physical symptoms consistent with the record. The VE concluded that plaintiff could return to her previous employment as a bookkeeper. Counsel for the plaintiff then asked the VE to assume plaintiff could only lift three pounds, could only sit for two hours, could only walk for one hour, and needed to rest or lie down for three hours. Tr. at 384. The VE testified that based on that hypothetical when taken in conjunction with plaintiff's other injuries, she could not find work in the national economy. Tr. at 384.

The court finds that the decision of the ALJ is not supported by substantial evidence on the record. The court finds the plaintiff has met her burden of showing disability that will persist for at least twelve consecutive months and that would prevent her from any substantial gainful activity. *See Wiseman v. Sullivan*, 905 F.2d 1153, 1155 (8th Cir. 1990). The court also finds that plaintiff's rendition of her limited daily activities, in conjunction with the medical evidence, including the report of Dr. Nowakowski, are not consistent with the determinations made by the ALJ. The ALJ determined that the medical evidence fails to support the extent of plaintiff's impairment. The ALJ stated "[m]oreover, the claimant's own reported daily activities indicate a capacity for significant functioning." Tr. at 267. Again, this finding is not supported by the record.

The ALJ relied on plaintiff's daily activities report filed June 29, 2001. Tr. 90-95. In that report, plaintiff lists those daily activities that she is able to do. However, the ALJ

misrepresented plaintiff's statements. Plaintiff indicated that she could do some laundry, cannot iron, picks up the house some, watches TV and waters her plants. *Id.* However, in her answers to other questions regarding her ability to perform chores, she stated that she can only work for about one-half hour without a break; cannot garden anymore; can only sweep her driveway for about 15 minutes before the pain is too bad; has to recline when she sits; cannot sit long enough to go to church; cannot sleep a whole night through; cannot stand because of the pain; cannot lift objects without pain; and on her bad days she cannot stay up for more than two hours at a time. *Id.* She testified that at that time she took Oxycodone, Naprosyn, Vicodin, Zestril, Insulin, Caltrate, and Aleve. *Id.* These medications caused dizziness, upset stomach and drowsiness. *Id.* On remand, when asked similar questions by the ALJ, the plaintiff's abilities to perform these daily activities had diminished even further.

      The court disagrees with the ALJ's decision to disregard the opinion of Dr. Nowakowski, on the basis that he had not previously treated the plaintiff. The court finds this determination is not supported by substantial evidence. From the day of plaintiff's accident, the record reveals that Dr. Nowakowski received copies of plaintiff's records. Tr. at 107-110. The ALJ's determination to the contrary is without merit. Further, Dr. Nowakowski did actually examine plaintiff to determine her RFC. The RFC submitted by Dr. Nowakowski deserved at least some weight, if not substantial weight, as it was in fact consistent with the remaining medical evidence and with plaintiff's testimony. The court notes that the findings of the consultative examiners are based on much less, generally a review of documents and not the claimant, and such determinations receive substantial support by the ALJ. Such a total disregard for the opinion of Dr. Nowakowski is without

merit in this case, particularly given that his RFC is consistent with other evidence. The ALJ did not ask plaintiff any questions regarding Dr. Nowakowski at the remand hearing. If he had any concerns as to whether Dr. Nowakowski was really a treating physician and whether Dr. Nowakowski had actually examined plaintiff prior to completing the RFC, he could have asked those questions. However, the ALJ did not ask these questions, and made assumptions that appear to be totally inaccurate.

The court finds the ALJ's decision is not supported by substantial evidence on the record as a whole. The ALJ misquoted plaintiff's testimony regarding her daily activities; the ALJ failed to give any consideration to Dr. Nowakowski's RFC, when in fact it was consistent with the objective evidence; the ALJ failed to adequately consider plaintiff's objective and subjective symptoms; and failed to accurately pose a hypothetical question to the VE. The VE testified that based on all of plaintiff's objective and subjective complaints, there would not be jobs she could perform. "[W]here the medical evidence in the record overwhelmingly supports a finding of disability, remand is unnecessary." *Gavin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987); *see also Nalley v. Apfel*, 100 F. Supp. 2d 947, 954 (S.D. Ia. 2000). The court determines that the record overwhelmingly supports a finding of disability. Remand to take additional evidence in this case would only delay the receipt of benefits to which the plaintiff is entitled.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment (filing no. 13) is granted.

2. The findings and conclusions of the ALJ are reversed and benefits are awarded.[3] This cause is remanded to the Commissioner for computation and payment of benefits.

3. A separate judgment shall be entered in conjunction with this Memorandum and Order.

DATED this 1st day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief United States District Judge

---

[3] According to the defendant, plaintiff must show that this disability existed prior to the expiration of her insured status on December 31, 2001. Tr. at 260. However, "medical evidence of claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status." *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984).